IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RUSSELL F. WALKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:09CV811 |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

THIS MATTER comes before the Court on Defendant's Motion to Dismiss [Doc. #10] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Alternatively, Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff is proceeding *pro se* and has responded to Defendant's motion. For the reasons that follow, the Court recommends that Defendant's Motion to Dismiss be granted, and that this action be dismissed.

I.   FACTS, CLAIMS, AND PROCEDURAL HISTORY

In his Complaint [Doc. #2], Plaintiff contends that he is "a 66 year old unemployed and unable to work person," that his "Social Security check is about $1500 per month" and that "about $550 per month has been stolen intermittently from [his] checks and forwarded to the IRS." (Complaint at ¶ 4-6). Plaintiff contends that he "never had any hearing on this matter

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

either by the Social Security Administration nor the IRS." (Complaint at ¶ 7). He states that he "believes" that the IRS claims that he owes $10,000, and that $4,000 "has been stolen" from his Social Security checks. (Complaint at ¶ 8). He notes that he has not had a Collection Due Process Hearing pursuant to 26 U.S.C. § 6330 and has not received a proper assessment of taxes, penalties or interest. (Complaint at ¶ 12-13). Plaintiff also raises various "tax protester" arguments contesting his liability for Federal income taxes, contending for example that "all of my earnings have been from private enterprise in North Carolina and/or other States of the Union" and "I have never received 'income' in a 'constitutional sense' as the word 'income' is used in Section 61 of the Internal Revenue Code, per the 16th Amendment" and "I am not and never have been a citizen or resident of the geographical United States, including the District of Columbia, Puerto Rico, the Virgin Islands, Guam, American Samoa, and the Northern Mariana Islands." (Complaint at ¶ 19-21). Plaintiff named as Defendant in this case the Commissioner of Social Security, and in his request for relief, Plaintiff "demands the return to him of all of his stolen Social Security funds" and "prays that this Court enjoin the future stealing of any money from the plaintiff's Social Security account." (Complaint at ¶ 52-53).

In response, Defendant filed the present Motion to Dismiss or for Summary Judgment. In the Motion, Defendant notes that Plaintiff may be contesting either (1) withholdings from his Social Security retirement benefits arising out of assessments for overpayments by the Social Security Administration,[2] or (2) withholding from his Social Security retirement benefits

---

[2] Specifically, the Government notes that in July 2007, July 2008, and March 2009, the Social Security Administration ("SSA") determined that, in violation of SSA regulations, Plaintiff had continued to work while receiving retirement benefits, resulting in overpayments of $7,499.00, $1,490.00, and $7,470.00. In each of these
(continued...)

pursuant to a tax levy by the IRS. However, in Plaintiff's Response, Plaintiff has clarified that his Complaint does not challenge any Social Security assessment for overpayments, but instead consists entirely of a challenge to the IRS tax levy.³ The Court therefore considers Defendant's Motion to Dismiss as to that claim.

II.   DISCUSSION

In considering a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the burden is on the plaintiff to show that subject matter jurisdiction is present. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). A defendant may challenge subject matter jurisdiction in two ways. Id.

> First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration. Second, it may be contended that the jurisdictional allegations of the complaint were not true. A trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations.

---

²(...continued)
instances, the SSA began withholding a portion of Plaintiff's retirement benefits to recoup the overpayment. Defendant contends that Plaintiff requested waivers from the Social Security Administration on two occasions, but those requests were denied and Plaintiff did not pursue the requests further. To the extent Plaintiff may be attempting to challenge the assessments for the overpayments, Defendant contends that any challenge to this withholding is not properly before the Court because Plaintiff failed to exhaust his administrative remedies. Specifically, Defendant notes that Plaintiff failed to complete the requisite four-step administrative process before requesting judicial review of the Commissioner's decision. See 42 U.S.C. §§ 404-405; 42 C.F.R. §§ 404.502a, 404.929, 404.967, 404.979, 404.981; Weinberger v. Salfi, 422 U.S. 749, 763 (1975); Heckler v. Ringer, 466 U.S. 602, 618-19 (1984); Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 8-9 (2000). As noted above, Plaintiff has clarified that he does not seek to challenge these assessments in the present case.

³ With respect to the tax levy, Defendant notes that the Internal Revenue Service implemented procedures to withhold a portion of Plaintiff's retirement benefits pursuant to a tax levy. Specifically, a portion of Plaintiff's benefits were withheld and applied to the tax levy in March, April, May, August, and September of 2009. Defendant further notes that Plaintiff's retirement benefits remain subject to levy for the satisfaction of any remaining tax liability.

3

Id.; see also Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991) (noting that a case may be dismissed for lack of subject matter jurisdiction "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law").

In addition, in considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a claim should be dismissed if the complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In the present case, Plaintiff challenges the assessment and collection of a tax levy. The United States Tax Court has exclusive jurisdiction over such claims. See 26 U.S.C. § 6330(d). To the extent that the levy has been applied to Plaintiff's Social Security benefits, the Government concedes that Social Security benefits generally are not "subject to execution, levy, attachment, garnishment or other legal process." 42 U.S.C. § 407(a). However, the Internal Revenue Code specifically authorizes tax levies and does not exempt Social Security retirement benefits from such tax levies. See 26 U.S.C. § 6334. Specifically, 42 U.S.C. § 407(b) provides that the prohibition on levies in § 407(a) may be modified by other provisions of law, if the other provision makes "express reference to this section." 42 U.S.C. § 407(b). Internal Revenue Code § 6334(c) provides such an express reference to § 407(a), specifically providing that

4

"[n]otwithstanding any other law of the United States (including section 207 [§ 407] of the Social Security Act), no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)." 26 U.S.C. § 6334(c); see also Acevedo v. United States, No. 4:08-CV-248, 2008 WL 2098129, at *3 (E.D. Mo. May 16, 2008). Thus, levies under the Internal Revenue Code can be applied despite the general language in 42 U.S.C. § 407(a), unless an Internal Revenue Code exemption applies. Internal Revenue Code § 6334(a) specifically exempts listed property from levy by the IRS, but social security retirement benefits are not exempted.[4] 26 U.S.C. § 6334(a). Thus, social security retirement benefits are subject to levy by the IRS. See Acevado, 2008 WL 2098129, at *3; see also United States v. Cleveland, Nos. 93C1767, 93C1768, 1994 WL 411376 (N.D. Ill. August 3, 1994).

As an administrative matter, the Social Security Administration plays no role in reviewing or determining the correctness of a levy requested by the IRS. See Programs Operating Manual System ("POMS") GN 02410.100A.[5] Instead, the Social Security Administration simply processes the levy based on Notice from the IRS, either using a "paper process" or an "automated tax levy process." See id.; POMS GN 02410.305A(2) (describing the Department of the Treasury's Federal Payment Levy Program, pursuant to which the Financial Payment Service, via an automated system, withholds a portion of a delinquent taxpayer's social security benefits in order to satisfy a tax debt). In implementing this process, the Social Security

---

[4] Certain public assistance payments, including Supplemental Security Income benefits under Title IV or Title XVI of the Social Security Act, are exempt from tax levy. See 26 U.S.C. § 6334(a)(11). However, disability and retirement benefits under Title II of the Social Security Act are not listed among the exemptions.

[5] The POMS are "publicly available operating instructions for processing Social Security claims." Washington State Dep't of Soc. and Health Servs. v. Guardianship Estate of Keffeler, 537 U.S. 371, 385 (2003).

5

Administration is not authorized to make any determination with regard to tax levies. See POMS GN 02410.100A; POMS GN 02410.305A(6).

This system does not mean, as Plaintiff contends, that taxpayers are left with no recourse to challenge the levy on, or as Plaintiff terms it, "stealing" of, their social security benefits. The Internal Revenue Code specifically requires that the IRS provide notice to a delinquent taxpayer not less than 30 days before a levy goes into effect. See 26 U.S.C. § 6330(a). The notice informs the taxpayer of his right to request an administrative hearing, also known as a Collection Due Process ("CDP") hearing, during the 30-day period prior to the first levy and also of his right to appeal an adverse hearing determination to the United States Tax Court. 26 U.S.C. §§ 6330(a)(3)(B) and 6330(d); see also Wagenknecht v. United States, 533 F.3d 412, 416-17 (6th Cir. 2008); Wos v. United States, 288 F. App'x 297 (7th Cir. 2008); Brown v. Doran, 1:02CV1019, 2003 WL 23168946 (M.D.N.C. Dec. 2, 2003). Thus, the tax levy may be challenged through the IRS administrative process with review by the Tax Court.

In the present case, it is undisputed that Plaintiff has not challenged the tax levy through the administrative process or sought review in the Tax Court. In his Response [Doc. #13], Plaintiff states that he "do[es] not believe that when money is stolen that any administrative remedies exist." Plaintiff also contends that he believes he sufficiently pursued his administrative remedies because he "wrote letters to the Social Security Administration" and to his congressman, to try to "stop the government from stealing my money." Plaintiff asserts that it is "patently obvious that the government intends to steal money from me for the rest of my life because the IRS will always have an unending list of taxes to be due, penalties, fees, etc."

6

In considering these contentions, the Court notes that under the scheme established by Congress, a taxpayer must follow the administrative process for contesting a levy with the IRS, and any subsequent judicial review is in the Tax Court. [6]

To the extent that Plaintiff nevertheless requests that this Court restrain the collection of the tax assessed against him, that request is barred by the Anti-Injunction Act. See 26 U.S.C. § 7421(a) (providing that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person" except as expressly provided in the listed provisions of the Internal Revenue Code); see also Judicial Watch, Inc. v. Rossotti, 317 F.3d 401 (4th Cir. 2003) ("The effect of the Act is simple and obvious: courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes.") Similarly, to the extent Plaintiff seeks a declaratory judgment with respect to the tax levy, that request is precluded by the terms of the Declaratory Judgment Act. See 28 U.S.C.A. § 2201(a) (providing that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration" unless the action seeks a declaration of rights or legal relations "with respect to Federal taxes.").

---

[6] In his Supplemental Response [Doc. #17], Petitioner further notes that "[t]he government frequently says that a 'taxpayer' can pay the tax and then sue for a refund. In this case the government has simply stolen the money and I am suing for a refund." However, to the extent Plaintiff contends that he is requesting a "refund," Plaintiff has not alleged that he has paid the taxes in full as required to assert a civil action for a refund. See 26 U.S.C. § 7422(a). In addition, it is undisputed that he has not filed an administrative claim for a refund as required prior to asserting a civil action for a refund. Id. There is no separate provision that would exempt Plaintiff from this administrative process. Moreover, even if Plaintiff had followed the proper steps, such a claim could not be asserted against the Commissioner of Social Security, as Plaintiff has attempted to do in the present case. Similarly, the Court notes that Plaintiff also has not attempted to pursue a claim for unauthorized collection of taxes by the Internal Revenue Service after exhausting his administrative remedies. See 26 U.S.C. § 7433; Keohane v. United States, 669 F.3d 325 (D.C. Cir. 2012). Plaintiff has instead attempted to bring the present suit against the Social Security Administration.

III.   CONCLUSION

For the reasons set out above, the Court concludes that Plaintiff's claims against the Commissioner of Social Security challenging a tax levy by the Internal Revenue Service should be dismissed without prejudice to Plaintiff pursuing his claims against the IRS in the proper forum.[7]

IT IS THEREFORE RECOMMENDED that Defendant's Motion to Dismiss [Doc. #10] be GRANTED, and that this action be dismissed.

This, the 22nd day of February, 2013.

                                              /s/   Joi Elizabeth Peake
                                          United States Magistrate Judge

---

[7] The Supreme Court has cautioned against "profligate use of the term 'jurisdiction.'" See Sebelius v. Auburn Reg'l Med. Ctr., 133 S. Ct. 817 (2013) (noting that courts should "inquire whether Congress has 'clearly state[d]' that the rule is jurisdictional"). However, in the present case the Internal Revenue Code specifically vests jurisdiction in the Tax Court for appeals of administrative challenges to an IRS levy. See 26 U.S.C. § 6330(d) (providing that a person may appeal to the Tax Court "and the Tax Court shall have jurisdiction with respect to such matter," and further providing that "[t]he Internal Revenue Service Office of Appeals shall retain jurisdiction with respect to any determination made under this section"). Moreover, even if this rule is not "jurisdictional," Plaintiff's claims are still subject to dismissal pursuant to Rule 12(b)(6) (and Rule 56 to the extent any information outside the pleadings was presented), without prejudice to Plaintiff pursuing his contentions in the proper forum.